HEARD APRIL TERM. 1874.

## WELSH vs. KIBLER.

The general covenant of warranty contained in a deed of release under the Act of 1795 includes a covenant for quiet enjoyment.

A covenant for quiet enjoyment is broken by a judgment in dower for money assessed - · in lieu of dower.

Where the breach of a covenant for quiet enjoyment is a recovery in dower, the Statute of Limitations does not commence to run against an action for the breach until the return of the Commissioners in Dower is confirmed. *Q.* Does it commence to run before payment in a case, where a sum of money is assessed in lieu of dower?

In an action on a covenant for quiet enjoyment, where the breach assigned is a recovery in dower. the measure of damages is' the sum recovered in lieu of dower, and for rents and profits, and for costs.

BEFORE MACKEY, J., AT LANCASTER, OCTOBER TERM, 1873.

Action commenced April 29th, 1872, by J. R. Welsh, against A. J. Kibler, as administrator of J. A. Cunningham, deceased, to recover damages for an alleged breach of a covenant for quiet enjoyment.

The answer denied the allegations of the complaint, and pleaded the Statute of Limitations.

The plaintiff proved that on the 8th January, 1861, one Hasseltiné, and Cunningham, the intestate of defendant, executed their deed of release, whereby they conveyed to the plaintiff, for value, a certain lot of land in the village of Lancaster; that the deed contained a general covenant, in the form prescribed by the Act of 1795, to warrant and defend all and singular the premises unto the plaintiff, his heirs and assigns, against all persons whomsoever; that on the 3d April, 1867, Mary E. Massey, widow of Samuel B. Massey, deceased, filed a bill in equity against the plaintiff, wherein she claimed dower in the lot; that the plaintiff filed an answer to the bill and defended the suit; that this was done at the request of defendant, Cunningham being then dead; that on the 29th June, 1867, a decree was made for admeasurement of complainant's dower, and also for an account of rents and profits; that on the 17th June, 1868, the Commissioners to admeasure dower made their return, whereby they recommended that a certain sum of money be paid by the plaintiff in lieu of dower; that the plaintiff filed exceptions to the return; that on the 20th June, 1868, the Commissioner of the Court filed his report on the account for rents and profits, stating the sum due to the complainant to be $86.66; that on the 27th June, 1868, the report of the Commissioner of the Court was

confirmed, and a further decree made modifying the return of the Commissioners to admeasure dower, and ordering the plaintiff to pay to the complainant $166.66 in lieu of her dower; that on the 15th November, of the same year, the plaintiff paid to the Commissioner of the Court $370.72, in full of the sums above mentioned, the interest thereon and the costs of the suit, and that Hasseltine had been adjudged a bankrupt on his own petition.

The defendant offered no evidence.

His Honor charged the jury: (1) That the covenant of warranty was broken by the recovery in dower; (2) that the Statute of Limitations did not commence to run until the plaintiff paid the sums recovered from him; and (3) that the jury might find for the plaintiff, as damages, as well the sum paid by him on the decree for rents as that paid by him in lieu of dower.

The defendant excepted to the charge.

The jury found for the plaintiff $438.26, and the defendant appealed, on the ground of error in the charge on all the points above stated.

*Moore*, for appellant:

If dower is a breach of the covenant of *seizin*, then the right of action accrued to plaintiff before the bill in equity was filed, and plaintiff is clearly barred by the Statute of Limitations.—*Jeter* vs. *Glenn*, 9 Rich., 374; *Brisbane* vs. *McCready*, 1 N. & McC., 104; *Hamilton* vs. *Wilson*, 4 Johns, 72; *Mackey* vs. *Collins*, 2 N. & McC., 186. There was no disturbance of the plaintiff's possession—no entry or ouster; and there was, therefore, no breach of the covenant for quiet enjoyment.—*Waldron* vs. *McCarty*, 3 Johns, 471; *Greeny* vs. *Kellogg*, 2 Johns, 1; *Dudley* vs. *Trolliot*, 3 T. R., 584; *Wotton* vs. *Hele*, 3 Saund., 177; *McCaskill* vs. *McCaskill*, 3 Rich., 196.

The breach was committed when the right was established by the decree declaring Mrs. Massey entitled to dower. The action, therefore, was barred when it was commenced.—*Bugg* vs. *Somers*, 1 McM., 333; *Lewis* vs. *Lewis*, 5 Rich., 12; 4 Kent, 538; *Wilson* vs. *McIlwee*, 1 Strob., 66.

The measure of damages was the value of the dower, and there was error in the charge that the jury might find more than the sum assessed as such value.—*Jeter* vs. *Glenn*, 9 Rich., 374.

*Allison*, contra.

Nov. 3, 1874. The opinion of the Court was delivered by

WRIGHT, A. J. The clause of general warranty usually inserted in conveyances of real estate in this State, following the form prescribed by the Act of 1795, (5 Stat., 255,) among other covenants, includes one for quiet enjoyment by the vendee, his heirs and assigns.—*Jeter* vs. *Glenn*, 9 Rich., 374.

Such is the deed of Cunningham to Welsh. It is not disputed, on the part of the appellant, that it was broken, but it is insisted that the claim of dower worked a breach of the covenant of *seizin*, which became absolute on the death of Massey, the husband, and the action of the respondent is, therefore, barred by the Statute of Limitations.

The appellant further insists that, even conceding that there was a breach of the covenant for quiet-enjoyment, the statute commenced to run on the 29th June, 1867, when the writ for the admeasurement of dower was ordered by the Court. A general warranty of title has the effect of a special warranty of *seizin*, and, therefore, an action may be maintained before eviction, if the vendor has no title at the time of sale. But where the warranty constitutes a covenant for quiet enjoyment only, then the statute will not commence to run until eviction.—*Johnson* vs. *Veal*, 3 McC., 449.

In *Jeter* vs. *Glenn*, 9 Rich., 374, it was held that the general warranty, in the form of conveyance prescribed by the Act of 1795, includes a contingent right of dower. In *Lewis* vs. *Lewis*, 5 Rich., 12, it was held that where dower is claimed and assigned, or the value thereof assessed, the covenant for quiet enjoyment contained in the deed of conveyance is broken.

It is true, in general, that to constitute a breach of covenant for quiet enjoyment there must be an actual entry and ouster; where, as in this State, however, there is a claim of dower, it may be satisfied without an allotment by metes and bounds of one third of the land for the life-time of the widow, and, therefore, actual entry or ouster is not required before such covenant may be said to be broken. In fact, the demandant in dower does not rest on an adverse and independant title for its recovery, but founds her right on the assumption that the defendant is in possession by and through the *seizin* of the husband, during his coverture with her. The order, as in this case, confirming the right of the widow, and decreeing for her a certain amount of money, in compensation for

and in lieu of her dower in the premises, established in her behalf a money decree, which, while it gave no right of entry, could be enforced against all the property of defendant. It is in vain to contend that the allowance of the writ, under order of January 29th, 1867, " was fully equivalent to eviction, and that the Statute of Limitations then commenced to run." So far from an assignment of her one third being conferred by the order, it did no more than to require the Commissioner, to whom it was directed, to allow by metes and bounds one third of the land, and in the event that could not be done, without manifest disadvantage, then to assess one sixth of the whole value of the land, to be paid the widow, in lieu of her dower.

Until the return was confirmed, it gave no right to the demandant which she could enforce, and, in point of fact, exception was taken to the return, and sustained. The final order of confirmation was made June 27th, 1868, and the summons in this action was served on April 29th, 1872.

We do not propose to decide whether the statute only commenced to run from the day of the payment of the amount decreed in favor of the widow, for, whether it commenced to run from the date of the decree or day of its payment; in neither event was the lapse of time sufficient to bar the action.

The third exception, too, cannot be sustained. The damages to which the respondent here was entitled for the breach of the warranty was the amount of the full recovery of the widow against him. That included the sum found to be due, as well for rents and profits and the costs as for the sum assessed in lieu of the dower.

This was all recovered by the widow in her suit against him, and this he is entitled to reclaim from the appellant on his breach of warranty.

The motion is dismissed.

*Moses,* C. J., and *Willard,* A. J., concurred.